IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARLOS RAMONE REECE                                                                PLAINTIFF

v.                                       Civil No. 1:19-CV-01042

CHRISTOPHER WILLIAMS (Deputy,                                                  DEFENDANTS
Ouachita County Sheriff's Office), MR.
MCDONALD, MR. OWENS, and DAVID
NORWOOD (Sheriff).

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.  BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on September 4, 2019. (ECF No. 2). It was transferred to this District on September 30, 2019. (ECF No. 4). On October 15, 2019, the Court entered an Order directing Plaintiff to file an Amended Complaint by November 5, 2019. (ECF No. 7). Plaintiff did not file his Amended Complaint until December 2, 2019. (ECF No. 9). On December 5, 2019, the Court entered an Order accepting Plaintiff's Complaint and advising him that no further late filings would be accepted. (ECF No. 10).

Plaintiff alleges that his constitutional rights were violated on August 6th through August 9th of 2019, while he was incarcerated by the Ouachita County Sheriff's Office. (ECF No. 9 at 4-6). He alleges that Defendants Williams and McDonald utilized excessive force against him on August 6th when they choked him, pushed him, and slammed him into the wall and plexiglass, then shoved him to the floor in a cell and groped his genitals. (*Id*. at 4). Plaintiff now suffers from severe headaches, shoulder pain, depression and anxiety. (*Id*.) Plaintiff alleges Defendant Williams and McDonald violated his right to be free from cruel and unusual punishment when they refused to let him out of his cell for his allotted one hour from August 6th through August 9th of 2019. He was not permitted to shower, eat, use the phone, or use the kiosk for those days. (*Id*. at 5). Plaintiff alleges Defendant MacDonald utilized an "unusual body search" on August 6, 2019, when he grabbed Plaintiff's penis during the search. This has caused Plaintiff mental stress, depression, and anxiety. (*Id*. at 6).

Plaintiff proceeds against all Defendant in both their official and personal capacity. (*Id*. at 6). He seeks compensatory damages. (*Id*. at 7).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less

2

stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

#### A.  Official Capacity Claims

Plaintiff fails to state any plausible official capacity claims. Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Plaintiff fails to identify any policy or custom of Ouachita County which violated his rights. He, therefore, fails to state any plausible official capacity claims.

#### B.  Defendants Owens and Norwood

Plaintiff named these individuals as Defendants in his Complaint. He does not, however, identify any action or inaction on their part which violated his constitutional rights. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362,

370 (1976); *Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir.1978) (per curiam) (respondeat superior theory does not apply in § 1983 suits)). Merely listing a Defendant in a case caption is insufficient to support a claim against the Defendant. *Krych v. Hass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) ("court properly dismissed pro se complaint that was silent as to defendant except for his name appearing in caption")). Because Plaintiff failed to identify any causal link between these Defendants and the alleged violations of his constitutional rights, he failed to state any plausible claims against them.

## IV. CONCLUSION

Accordingly, I recommend that Plaintiff's official capacity claims, as well as his personal capacity claims against Defendant Owens and Norwood be DISMISSED WITHOUT PREJUDICE. I further recommend that his personal capacity claims against Defendants Williams and McDonald for excessive force and for cruel and unusual punishment remain for further consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of February 2020.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

4